UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES SPAULDING, #236425,

      Plaintiff,

                                          Civil No: 4:07-cv-12727
                                          Honorable Paul V. Gadola
                                          Magistrate Judge R. Steven Whalen

v.

OAKLAND COUNTY JAIL MEDICAL STAFF,

      Defendant.

_____

**OPINION & ORDER SUMMARILY DISMISSING
PLAINTIFF'S CIVIL RIGHTS COMPLAINT**

**I. Introduction**

      Plaintiff, Charles Spaulding, presently confined at Pine River Correctional Facility in St. Louis, Michigan[1], has filed a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff was under the influence of alcohol while driving and was involved in a serious roll-over car accident. He suffered trauma to his chest, back, abdomen and pelvis and sustained lacerations on his face. Plaintiff claims that officials from the Oakland County Jail, where he was presumably taken into custody following the accident, were responsible for his premature discharge from Genesys Regional Medical Center in Grand Blanc, Michigan before he could receive complete medical treatment. He also accuses the medical staff at the Oakland County Jail of being negligent in their subsequent treatment of his injuries during his incarceration. As a result, Plaintiff contends that he has endured a significant amount of pain and suffering at the hands of the "Oakland County

---

[1]At the time Plaintiff filed this Complaint, he was residing at the Saginaw Correctional Facility, in Saginaw, Michigan. The events giving rise to Plaintiff's Complaint took place at the Oakland County Jail, in Pontiac, Michigan.

Jail Medical Staff" and is suing for monetary compensation. The Court finds that Plaintiff's Complaint is summarily dismissed without prejudice.

## II. Discussion

### A. Exhaustion of Administrative Remedies Standard

The Prisoner Litigation Reform Act (PLRA) requires a prisoner to exhaust the administrative remedies available to him or her before bringing a claim under 42 U.S.C. §1983. 42 U.S.C. §1997e(a). The administrative remedies provided for the Plaintiff in this case are set forth within the "Inmate Grievance Procedure" provided by the Oakland County Sheriff's Department. The Supreme Court has held that the PLRA requires proper exhaustion of administrative remedies so that corrections officials are afforded the "time and opportunity to address complaints internally before allowing the initiation of a federal case." *Woodford v. Ngo,* __U.S.__, 126 S.Ct. 2378, 2387 (2006), citing, *Porter v. Nussle,* 534 U.S. 516, 525 (2002). Proper exhaustion serves to: (1) give inmates an incentive to make full use of the prison grievance process; (2) reduce the quantity of prisoner suits; and (3) improve the quality of prisoner suits. *Woodford*, 126 S.Ct. at 2387-88. "The benefits of [proper] exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. *Id.* at 2388.

Although a plaintiff's complaint cannot be dismissed *sua sponte* merely for failing to plead and prove exhaustion within the text of the complaint because the issue of exhaustion is an affirmative defense under the PLRA, a plaintiff's complaint can be dismissed *sua sponte* if the complaint on its face fails to state a claim upon which relief can be granted. *Jones v. Bock,* __ U.S. __, 127 S.Ct. 910, 921 (2007). In those instances in which an affirmative defense appears on the face of the pleadings and suffices to establish the existence of the defense, dismissal *sua sponte* for

failing to state a claim is proper. *Id.* at 920-21.

### *1. Oakland County Jail Grievance Procedure & Application to Exhaustion of Administrative Remedies Standard*

The administrative remedies provided for the Plaintiff in this case are set forth within the "Inmate Grievance Procedure" provided by the Oakland County Sheriff's Department. The grievance procedure for inmates at the Oakland County Jail is a two step grievance process. In the first step of the process, the inmate submits a written complaint to the Lieutenant of Corrective Services. Insufficient resolution at the first step requires the inmate to appeal the decision to the Captain of Corrective Services in the second step. *See Spencer v. Bouchard,* 449 F.3d. 721, 726 (6th Cir. 2006); see also *Horacek v. LNU,* 2006 WL 1877050, *2 (E.D. Mich. July 5, 2006)(Gadola, J) ("[a]ll Oakland County Jail inmates are given written notice of the inmate grievance procedure. The grievance procedure is specifically referenced and explained in Section IIC of the Oakland County Sheriff's Department Corrective Services Inmate Guide that is provided to all inmates upon their arrival at the jail"). The grievance policy sets forth a proper procedure for filing grievances. *Id*.

According to *Bock* and *Woodford*, in order to properly exhaust administrative remedies, the administrative process must be completed in accordance with the applicable procedural rules as defined by the prison grievance process. *Woodford v. Ngo,* __ U.S. __, 126 S.Ct. at 2387-88; *Jones v. Bock,* __U.S. __, 127 S.Ct. at 922-23. Therefore, although *Bock* removed the plaintiff's burden of pleading and proving on the face of the complaint the affirmative defense of exhaustion, thus precluding *sua sponte* dismissal of plaintiff's complaint during the initial screening of the complaint, ultimately, proper exhaustion of administrative remedies is still required in order for a plaintiff to have any possibility to prevail on the claim.

Plaintiff admits in his complaint that he never filed any grievances relative to this matter

3

because he "never could obtain one." *(Complaint, pg. 2).* He states that he "could not receive a grievance from the sheriffs' deputies at Oakland County Jail." *Id.* He further claims that he "wrote several medical kites and was denied medical treatment and follow-up." *Id.* Addressing Plaintiff's reasons for failing to exhaust his administrative remedies, the claim that Plaintiff "never could obtain one" presumably means that the Plaintiff was never able to receive a grievance form. He makes no allegations that his request for grievance forms was refused or that he was deliberately and actively denied the opportunity to pursue relief through the grievance procedure implemented in the Oakland County Jail.

Assuming *arguendo* that Plaintiff's allegations are true, those facts do not excuse the exhaustion requirement. *Jones v. Smith,* 266 F.3d. 399, 400 (6th Cir. 2001)(finding dismissal without prejudice was proper where plaintiff admitted that no grievance had been filed because his counselor did not give him a grievance form and plaintiff failed to allege "that there was no other source for obtaining a grievance form or that he made any other attempt to obtain a form or to file a grievance without a form."). As in *Jones,* Plaintiff does not allege facts indicating that it was inconceivable or next to impossible for him to obtain a grievance form nor that he made an effort to comply with the grievance procedure despite not having possession of a grievance form.

Second, although Plaintiff generally alleges that he wrote medical, "kites" it is clear from Plaintiff's complaint that submission of these "kites" was not an attempt to– nor does it in fact– conform with the grievance procedure that was in place at the Oakland County Jail.

In this case, Plaintiff's complaint conclusively shows that his lawsuit is barred by the PLRA's exhaustion requirement as the statute has been interpreted by the United Supreme Court. By Plaintiff's own admission on the face of the complaint, Plaintiff failed to properly exhaust his

4

administrative remedies in accordance with the Oakland County Jail grievance policy. Accordingly, because the affirmative defense appears on the face of the pleadings and suffices to establish the existence of the defense, *Jones v. Bock,* __U.S. __, 127 S.Ct. 920-21, Plaintiff's complaint is subject to *sua sponte* dismissal for failure to state a claim. "[S]erving the complaint on defendants and requiring them to file a motion to dismiss for failure to exhaust would be a waste of both this Court's valuable time and resources as well as those of the defendants." *Leary v. A.R.U.S. Conerly,* 2007 WL 1218952 (E.D. Mich. April 25, 2007) (Ludington, J).

### III. Conclusion

Plaintiff, in his complaint, has admittedly failed to properly exhaust his administrative remedies. Although the failure to properly exhaust administrative remedies is an affirmative defense, because the affirmative defense appears on the face of the complaint, Plaintiff's claim is subject to dismissal for failure to state a claim upon which relief can be granted.

**ACCORDINGLY**, **IT IS HEREBY ORDERED** that this cause of action, Case No. 07-12727, is summarily **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated:  August 15, 2007  　　　　　　　　　　　s/Paul V. Gadola
　　　　　　　　　　　　　　　　　　　　　　　HONORABLE PAUL V. GADOLA
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  August 15, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: _____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____Charles Spaulding_____ .

s/Ruth A. Brissaud_____
Ruth A. Brissaud, Case Manager
(810) 341-7845